UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**MICHAEL JOSEPH DIXON**                           **CIVIL ACTION NO.**

**VERSUS**                                         **18-747-SDD-EWD**

**RESTORE LOUISIANA**
**HOMEOWNER PROGRAM**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILEDecember 7, 2020December 7, 2020 WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 7, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

certified mail # 7018 0360 0001 1615 5745

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL JOSEPH DIXON                    CIVIL ACTION NO.

VERSUS                                  18-747-SDD-EWD

RESTORE LOUISIANA
HOMEOWNER PROGRAM

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DISMISSAL ON COURT'S OWN MOTION UNDER FED. R. CIV. PROC. 4(m) and 41(b)**

On or about August 3, 2018, Michael Joseph Dixon ("Dixon"), filed a Complaint against Restore Louisiana Homeowner Program ("Restore Louisiana") and the Federal Emergency Management Agency ("FEMA") (collectively, "Defendants"), asserting claims for discrimination after his application for Restore Louisiana's offer to replace homes damaged by the August 2016 floods was denied.[1] That same date, Dixon filed a Motion to Proceed without prepaying costs and fees ("IFP Motion").[2] Dixon's IFP Motion was originally denied because the information submitted indicated that Dixon had sufficient funds to pay the filing fee.[3] Dixon filed a motion for reconsideration.[4] The Court ordered Dixon to provide documentation that certain funds were frozen.[5] Based on additional information, the Court granted reconsideration and granted Dixon's IFP Motion. In that Order, the Court instructed the United States Marshals Service to serve the Defendants.[6]

---

[1] R. Doc. 1-1, p.1. This suit arises out of the 2016 Baton Rouge flood which greatly affected Baton Rouge, Louisiana and the surrounding areas. The Restore Louisiana Homeowner Program is funded by the Department of Housing and Urban Development ("HUD"). Dixon alleges that the mobile home where he resided was submerged and damaged by flood waters, and Restore Louisiana "made offers to replace damages homes by the flood." Dixon allegedly applied for Restore Louisiana's offer but was "denied with statements that [his] mobile home was not damaged when anyone with eyes and brains can clearly see that it is totally ruined and will never be livable again." Dixon alleges that others on his street received assistance "when they suffered for less damages and this blares of discrimination" because he is "classified Caucasian."
[2] R. Doc. 2.
[3] R. Doc. 3.
[4] R. Doc. 8.
[5] R. Doc. 9.
[6] R. Doc. 12, p. 2. ("The U. S. Marshal Service shall serve the summons and complaint on the defendant(s) wherever found. Plaintiff will be required to provide to the United States Marshal a completed U.S. Marshal Form 285 for each defendant to be served. The United States Marshal will not serve the defendant(s) without a properly completed form."

On September 20, 2018, summonses were issued to defendants FEMA and Restore Louisiana.[7] Restore Louisiana was served on November 21, 2018,[8] however, the summons to FEMA was returned unexecuted.[9] Notice that the FEMA summons was returned unexecuted was sent to Dixon at his address on PACER. In response to the Complaint, Restore Louisiana filed a Motion to Dismiss[10] that was granted by the Court on September 23, 2019.[11] Dixon's claims against Restore Louisiana have been dismissed.[12]

FEMA—the only remaining defendant—has not appeared in this case, and there is no valid service information in the record as to FEMA. Accordingly, on August 13, 2020, the Court ordered Dixon to "show cause" at a February 14, 2020 hearing "why his claims against FEMA should not be dismissed under Fed. R. Civ. P. 4(m) and/or Local Civil Rule 41(b)(1)(A) for failure to timely serve" ("Show Cause Order").[13] The Show Cause Order advised Dixon that "**[f]ailure to comply with this Notice and Order may result in dismissal of the case without further notice."[14]** The Clerk of Court attempted to serve the Show Cause Order on Dixon via certified mail, return receipt requested, at 1324 McHugh Road, Baker, LA 70714, but it was returned as "return to sender, vacant, unable to forward."[15]

The show cause hearing took place as scheduled on September 4, 2020.[16] Dixon did not appear at the September 4, 2020 show cause hearing although the hearing was kept open for

---

[7] R. Doc. 13.
[8] R. Doc. 15.
[9] R. Doc. 16.
[10] R. Doc. 19.
[11] R. Doc. 21.
[12] *Id*. at p. 5.
[13] R. Doc. 22. Generally, as provided in Fed. R. Civ. P. 4(m), an action may be dismissed if plaintiff fails to serve the complaint within 90 days after the complaint is filed. Local Civil Rule 41(b)(1)(A) also provides that "[a] civil action may be dismissed by the Court for lack of prosecution…[w]here no service of process has been made within 90 days after filing of the complaint."
[14] R. Doc. 22, at p. 3.
[15] R. Doc. 23.
[16] R. Doc. 24.

approximately fifteen minutes.[17] Dixon did not contact the Court prior to the hearing, nor has he filed any response to the Show Cause Order, anything explaining his absence from the hearing, or any other document into the record, to date.

Pursuant to Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." This Court also has the authority to dismiss an action for plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b), and under its inherent authority to dismiss the action *sua sponte*.[18]

Likewise, under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

While dismissal is a serious sanction, it is warranted in this case. Dixon filed this suit over two years ago. Since the Court granted Restore Louisiana's Motion to Dismiss on September 23, 2019—over one year ago, Dixon has not taken any action in the suit, including failing to respond to the Show Cause Order and failing to appear at the show cause hearing. Additionally, Plaintiff has not contacted the Court or filed anything into the record to explain his failure (1) to serve FEMA, (2) to participate in the case, or (3) to respond to Court orders. Further, Plaintiff was advised in the Show Cause Order setting the hearing that failure to appear could result in dismissal of his claims. As a practical matter, this case cannot proceed against FEMA if Dixon does not

---

[17] *Id.*
[18] *See Link v. Wabash Railroad*, 370 U.S. 626, 630–31 (1962); *Curtis v. Quarterman*, 340 Fed. App'x 217, 217–18 (5th Cir. 2009) ("A district court has the authority to dismiss an action for failure to prosecute or for failure to comply with any court order. The court possesses the inherent authority to dismiss the action sua sponte in the absence of a motion by the defendant."); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) ("The district court also has the inherent authority to dismiss an action [for failure to prosecute or to comply with any court order] *sua sponte*, without motion by a defendants."); *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996) ("A district court may dismiss an action *sua sponte* under Fed.R.Civ.P. 41(b) for failure to comply with a court order."); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (finding that a district court may sua sponte dismiss an action for failure to prosecute or to comply with any court order under Federal Rule of Civil Procedure 41(b)).

3

prosecute it or respond to Court orders regarding the disposition of this case. Further, Dixon's failure to prosecute his claims effectively deprives FEMA of an opportunity to bring this case to a resolution. Accordingly, dismissal is warranted in this case in order to prevent further delay and avoid congestion in the calendars of the Court.[19]  If Dixon has an excuse for his failure to participate in this case and respond to Court orders, he will have an opportunity to file an objection to this Report and Recommendation within fourteen days.

Accordingly,

## **RECOMMENDATION**

**IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** failure to prosecute under Fed. R. Civ. P. 41(b) and for failure to serve under Fed. R. Civ. P. 4(m).

## **ORDER**

**IT IS ORDERED** that the Clerk of Court is to serve this Report and Recommendation onDecember 7, 2020 Michael Joseph Dixon via certified mail, return receipt requested to the address listed on PACER.

Signed in Baton Rouge, Louisiana, on December 7, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] *See Link*, 370 U.S. at 630–31.

4